OPINION OF THE COURT
Joseph Rosenzweig, J.
The defendant Edith Madera stands charged by this indict *53 ment with two misdemeanor counts of endangering the welfare of a child. By motion submitted to Part TAP A on November 8, 1999, defense counsel moves for an order dismissing the indictment pursuant to CPL 30.30 and 30.20, upon the ground that the defendant has been denied her right to a speedy trial. The People oppose this motion in a woefully abridged two-paragraph response. Based upon the papers submitted and the official court file, this court holds that the defendant’s motion to dismiss upon speedy trial grounds is granted.
The defendant, Edith Madera, and a codefendant, Raul Roca, were arrested on January 30, 1999, and were separately arraigned the following day, January 31, 1999, under separate accusatory instruments in the Queens County Criminal Court. The defendant Madera was arraigned on an information and the codefendant Roca was arraigned on a felony complaint.[1]
The defendant Madera’s arraignment was subsequently set for April 8, 1999, but adjourned at her attorney’s request to April 16, 1999. On that date, when she was arraigned on this indictment, the defendant Madera’s case was joined for the first time with the case of the codefendant Roca. At time of Madera’s arraignment, the People served notice of readiness for trial and the court granted an adjournment for omnibus motions and the decision thereon to June 15, 1999. On June 15, 1999, a consent adjournment was taken to June 21, 1999, and on that date, the People requested a three-week adjournment. The court adjourned the case to August 4, 1999, charging the People with three weeks. On August 4, 1999, an adjournment to September 20, 1999 was consented to by all parties. On September 20, 1999, another Assistant District Attorney (ADA) informed the TAP A court that the ADA assigned to this case had just been hospitalized for bleeding ulcers. The court then adjourned the case to September 27, 1999, and on that date the court further adjourned the case at the People’s request to October 12, 1999, due to the medical condition of the ADA.
On October 12, 1999, the People were not ready on this case and the court adjourned this case at the People’s request to *54 October 26, 1999, and again adjourned it at the People’s request to November 3, 1999. On November 3, 1999, defense counsel requested an adjournment to November 8, 1999, and on that date counsel for the defendant Madera served this motion upon the court.[2]
Preliminarily, the defendant’s arraignment on the information in the Criminal Court on January 31, 1999 began this criminal action and on that date the People incurred the burden of answering ready for trial within 90 days[3] (CPL 30.30 [1] [b]), unless certain time periods were statutorily excludable pursuant to CPL 30.30 (4). Having inspected and examined court files and papers relating to this speedy trial motion, this court finds that the following time periods were excludable:
The 8-day period between April 8, 1999 and April 16, 1999 is excludable pursuant to CPL 30.30 (4) (b) as the reasonable period of deláy resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his counsel.
The 60-day period between April 16, 1999 and June 15, 1999, which encompasses the period of time set for an omnibus motion schedule and the court’s decision thereon, is excludable pursuant to CPL 30.30 (4) (a) as the reasonable period of delay resulting from pretrial motions and the court’s determination thereof.
The 6-day period between June 15, 1999 and June 21, 1999 is excludable pursuant to CPL 30.30 (4) (b) as the reasonable period of delay resulting from a continuance granted by the court with the consent of the defendant or her counsel.
The 23 days between June 21, 1999 and August 4, 1999 are excludable pursuant to CPL 30.30 (4) (b) as the reasonable period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his counsel. However, the People, requesting a two- to three-week adjournment, are initially charged with 21 days; the remainder of this adjournment is excludable.
The 47-day period between August 4, 1999 and September 20, 1999 is excludable pursuant to CPL 30.30 (4) (b) as the reasonable period of delay resulting from a continuance granted *55 by the court at the request of, or with the consent of, the defendant.
The 5-day period between November 3, 1999 and November 8, 1999, the date this CPL 30.30 motion was served upon this court, is excludable pursuant to CPL 30.30 (4) (b) as the reasonable period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or her counsel.
Accordingly, after a calculation of days, it is the decision of this court that 281 days have transpired since the commencement of this criminal action on January 31, 1999, the date of the defendant’s arraignment in the Criminal Court, until November 8, 1999, the date that this speedy trial motion was submitted to the TAP A court. This court, having determined that 149 days are excludable (8 + 60 + 6 + 23+47 + 5=149), finds that the People are charged with 132 days (281 — 149= 132),[4] which is well beyond the 90-day period mandated by CPL 30.30 (1) (b).
In their terse response in opposition to this motion, the People rely on CPL 30.30 (4) (d) which provides that when computing the time within which the People must be ready for trial the following period must be excluded: “a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial pursuant to this section has not run and good cause is not shown for granting a severance.”
That may arguably be the letter of the law, but it is certainly not the spirit. Indeed, this court rejects the People’s contention that it is the letter of the law. Implicit in CPL 30.30 (4) (d) is an expression of legislative intent not to allow one defendant’s successive requests for adjournments to inure to the benefit of his codefendants, on a motion to dismiss. Here, the history of this case has demonstrated that the defendant Madera was never joined in an accusatory instrument with the codefendant until her indictment hereunder, which was to have occurred 67 days after her Criminal Court arraignment on a misdemeanor complaint. Moreover, the remaining 65 days which this court found were chargeable to the People were the direct result of adjourn- *56 merits made at the People’s requests, which were in no manner whatsoever attributable to the codefendant Roca. As such, this court finds that CPL 30.30 (4) (d) is inapplicable to the case at bar.
Accordingly, the defendant’s motion to dismiss the indictment on statutory speedy trial grounds is granted. As such, this court need not consider the defendant’s motion to dismiss on constitutional speedy trial grounds pursuant to CPL 30.20.

. At time of the codefendant Roca’s Criminal Court arraignment on a felony complaint, he executed a waiver of his CPL 180.80 and 30.30 rights to February 25, 1999. On February 25, 1999, the case was further adjourned to March 4, 1999, and then to March 18, 1999, for his arraignment in the Supreme Court on the indictment hereunder charging the class B felony of course of sexual conduct against a child in the first degree and related offenses. At that time, an omnibus motion schedule was set by the court and adjourned to May 5, 1999, for the court’s decision thereon.

. It is incumbent upon this court to indicate, that notwithstanding the date of this instant motion, this court was not in receipt of such motion, or the People’s response thereto, until the late afternoon of February 25, 2000.

. The defendant Madera was charged in both the Criminal Court, by information, and in the Supreme Court, by indictment, of two counts of the class A misdemeanor, endangering the welfare of a child.

. The 67-day period between the defendant’s arraignment on the misdemeanor complaint on January 31,1999 and April 8, 1999, the date set for the defendant’s arraignment hereunder; 21 days within the adjournment between June 21, 1999 and August 4, 1999; and the 44-day period between September 20, 1999 and November 3, 1999: 67+21+44=132.